This Opinion is citable
as precedent of
the T.T.A.B.

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Trademark Trial and Appeal Board
2900 Crystal Drive
Arlington, Virginia 22202-3513

HRW

Opposition No. 99,845
Opposition No. 100,431
Opposition No. 101,186
Opposition No. 101,216

MAILED

DEC 6 1996

PAT. & T.M. OFFICE

William B. Ritchie

v.

Orenthal James Simpson

Before Sams, Rice and Quinn, Administrative Trademark
Judges.

By the Board:

Orenthal James Simpson has filed applications seeking
registration of the marks O.J. SIMPSON (S.N.74/551,770; Opp.
No. 99,845) and O.J. (S.N.74/551,768; Opp. No. 101,186) for
goods in Classes 6, 16, 25 and 28 ranging from figurines and
trading cards to sportswear and toys, of the mark O.J.
SIMPSON (S.N.74/670,836; Opp. No. 101,216) for medallions
and coins in Class 14 and prepaid telephone cards in Class
16, and of the mark "THE JUICE" (S.N. 74/670,837; Opp. No.
100,431) for prepaid telephone cards.

William B. Ritchie has filed an opposition to the
registration of each of these marks under Sections 2(a) and

2(e)(4).[1] Inasmuch as the notices of opposition are virtually identical and present common questions of law and fact, despite the variations in the marks and goods involved, the Board has found it appropriate to consolidate the cases. FRCP 42(a). Accordingly, the motion to dismiss which has been filed in each case, and which is also nearly identical in each, will be considered as one motion in the consolidated proceeding.

In each notice of opposition opposer alleges, inter alia, that he will be damaged by registration of the mark of the specific application because the mark disparages his values, especially those relating to his family, in that opposer believes applicant's surname and nickname to have become synonymous with wife beater and murderer; that use of the marks to market the goods of the application, some of which are intended for children, is obscene and ridicules opposer's belief in the family ideal; that the mark is scandalous in that it is shocking to the sense of propriety and offensive to one's moral feelings; that registration will attempt to justify physical violence against women and use the imprimatur of the government to give the impression that criminal acts may be financially rewarding; that

---

[1] Section 2(e)(3), as cited in the notice of opposition, was redesignated as Section 2(e)(4) as part of the amendments made by Public Law 103-182. This law, which was signed by the President on December 8, 1993, implemented provisions of the North American Free Trade Agreement, which took effect on January 1, 1994. No substantive change was made to this particular statutory ground for refusal.

opposer, as a family man, is a member of the potentially damaged group; and that opposer has obtained petitions from people all over the United States who agree that the mark is scandalous and denigrates their values. Opposer also alleges that the marks fall within the scope of Section 2(e)(4) as being primarily merely a surname and that any distinctiveness which the marks may have acquired comes as a result of applicant's trial and not through use of the marks in commerce on the goods specified in the application.

Applicant, in lieu of an answer, has filed a motion under FRCP 12(b)(6) to dismiss the oppositions for lack of standing. Applicant argues that opposer has failed to demonstrate the possibility of damage to opposer personally and that opposer is a mere intermeddler attempting to prevent applicant from registering his name as a mark. Applicant maintains that opposer's moral objection does not provide standing to oppose registration since opposer's pleadings fail to indicate how registration, as opposed to use, will exacerbate the damage claimed by opposer. Applicant also raises the argument that his marks consist only of his name or nickname and cannot, as a matter of law, constitute scandalous matter.

Opposer, in response, argues that the criteria for standing to raise the grounds that a mark is scandalous or disparaging is simply a belief that the opposer will be damaged by registration of the mark and that there is no requirement for standing that opposer prove that he

3

personally will be damaged. Opposer maintains that, as a husband and father of two children, he has standing to oppose a mark that demeans family values, and that by his pleadings he has demonstrated an interest beyond that of the general public. Insofar as applicant's contentions with respect to the grounds asserted by opposer are concerned, opposer argues that applicant has failed to establish that applicant's name could not be held scandalous, as a matter of law, as required for dismissal under FRCP 12(b)(6).

In order to state a claim for which relief may be granted, an opposer must allege facts which, if proven, would establish that (1) opposer has standing to challenge applicant's right to register its mark and (2) opposer has set forth a statutory ground for denial of the registration sought. See Lipton Industries, Inc. v. Ralston Purina Co., 670 F.2d 1024. 213 USPQ 185 (CCPA 1982). Standing at the pleading stage is reviewed by determining whether the opposer has alleged a real interest in the proceeding, i.e.. whether opposer has pleaded facts sufficient, if proved, to establish that opposer is not a mere intermeddler, but rather has a personal interest in the proceeding beyond that of the general public. See Jewelers Vigilance Committee Inc. v. Ullenberg Corp., 823 F.2d 490, 2 USPQ2d 2021 (Fed. Cir. 1987). There is no requirement that actual damage be pleaded, only that adequate allegations be made to demonstrate a reasonable basis for a belief on the part of opposer that he will be damaged. See Lipton Industries,

4

Inc. v. Ralston Purina Co., supra; Bromberg v. Carmel Self Service, Inc., 198 USPQ 176 (TTAB 1978).

Our principal reviewing court has held that the question of whether a mark is scandalous under Section 2(a) must be determined from the standpoint of a substantial composite of the general public. See In re McGinley, 660 F.2d 481, 211 USPQ 668 (CCPA 1981). Looking to the notices of opposition in the present cases, we find no allegations of specific facts that, if proven, would establish that opposer has a sufficient interest in these proceedings to assert a claim that the involved marks, consisting of either the name or a nickname of applicant, as applied to the goods recited in the four applications, constitute scandalous matter to a substantial composite of the general public.

Putting the matter in other words, opposer's allegations are not sufficient to state a reasonable basis for a belief on his part that he personally will be damaged by the registration of these marks. Opposer has not pled that there is anything inherent in the name O. J. SIMPSON or the nicknames O. J. and THE JUICE that is immoral or scandalous. Cf. In re Wilcher Corp. ___USPQ2d___, S. N. 74/306,662 (TTAB Jun. 3, 1996) [Mark consisting of the name DICK HEADS (and a design) for restaurant services, found scandalous under § 2(a)]. The essence of opposer's pleading is, rather, that he and others believe that the man who seeks to register those marks has committed acts that they find offensive.

5

If we were to find that the present opposer has standing based on the allegations in his pleadings, we would be, in effect, finding that an opposer's pleading of feelings of moral outrage directed toward a person (either an individual or a corporate "person") is a sufficient pleading of standing to oppose, on Section 2(a) "scandalous" and "immoral" grounds, the registration of that person's name as a trademark or service mark. That would seem to open the way for any individual to challenge the registration of an individual's or corporation's trademark or service mark, where that individual opposer pleads, for example, that he or she is offended by the individual or corporate trademark applicant's products or its hiring policies, political affiliation, environmental record, advertising campaigns, etc. We do not believe that Section 13 of the Lanham Act (which section sets out who may file an opposition) was intended to have such a result.

Insofar as any allegation that the government, by the issuance of a registration, is giving its imprimatur to the marks is concerned, we pointed out the fallacy of such a contention in In re Old Glory Condom Corp., 26 USPQ2d 1216, 1220 (TTAB 1993). As noted therein, just as the issuance of a registration does not indicate any endorsement of the goods on which the mark is used, it also does not imply the government's pronouncement that the mark is a good one, from an aesthetic or any other viewpoint.

6

Accordingly, we find that opposer has failed to plead a real interest in the proceeding or a reasonable basis for his asserted belief that he will be damaged by the registration of the marks. In short, opposer is without standing to pursue his claim under Section 2(a).

While applicant has not specifically directed his motion to opposer's standing to bring the remaining claim (i.e., the "surname" claim) under Section 2(e)(4), that question must be raised and decided before the requested dismissal of the opposition as a whole can be contemplated. In order to state a real interest in an opposition proceeding based on Section 2(e)(4), the party challenging registration of the mark must allege a commercial interest in the same or a similar name; that is, the opposer must allege that it is at least in a position to use the alleged surname in its business activities. See Societe Civile Des Domaines Dourthe Freres v. S.A. Consortium Vinicole De Bordeaux Et De La Gironde, 6 USPQ2d 1205 (TTAB 1988). Opposer clearly has made no allegations of this nature, nor could he make any such allegations with respect to applicant's name or nicknames. Accordingly, opposer has failed to demonstrate standing to bring a claim under Section 2(e)(4).

In summary, applicant's motion to dismiss for lack of standing is granted.[2] The aforenamed oppositions are dismissed with prejudice.

J. D. Sams

J. E. Rice

T. J. Quinn
Administrative Trademark Judges,
Trademark Trial and Appeal Board

---

[2] We note that once an opposer has adequately pleaded its standing to raise one ground for opposition, it may raise any other ground which would negate applicant's right to registration. See Jewelers Vigilance Committee Inc. v. Ullenberg Corp., supra, and Lipton Industries, Inc. v. Ralston Purina Co., supra. Thus, if we had found that opposer had a legally sufficient pleading of standing to raise either of his asserted grounds, he would have been entitled to assert the other also.

This opinion is citable
as precedent of
the T.T.A.B.

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Trademark Trial and Appeal Board
2900 Crystal Drive
Arlington, Virginia 22202-3513

HRW

Opposition No. 99,845
Opposition No. 100,431
Opposition No. 101,186
Opposition No. 101,216

MAILED

DEC 6 1996

PAT. & T.M. OFFICE

William B. Ritchie

v.

Orenthal James Simpson

Before Sams, Rice and Quinn, Administrative Trademark
Judges.

By the Board:

Orenthal James Simpson has filed applications seeking
registration of the marks O.J. SIMPSON (S.N.74/551,770; Opp.
No. 99,845) and O.J. (S.N.74/551,768; Opp. No. 101,186) for
goods in Classes 6, 16, 25 and 28 ranging from figurines and
trading cards to sportswear and toys, of the mark O.J.
SIMPSON (S.N.74/670,836; Opp. No. 101,216) for medallions
and coins in Class 14 and prepaid telephone cards in Class
16, and of the mark "THE JUICE" (S.N. 74/670,837; Opp. No.
100,431) for prepaid telephone cards.

William B. Ritchie has filed an opposition to the
registration of each of these marks under Sections 2(a) and

2(e)(4).[1] Inasmuch as the notices of opposition are virtually identical and present common questions of law and fact, despite the variations in the marks and goods involved, the Board has found it appropriate to consolidate the cases. FRCP 42(a). Accordingly, the motion to dismiss which has been filed in each case, and which is also nearly identical in each, will be considered as one motion in the consolidated proceeding.

In each notice of opposition opposer alleges, inter alia, that he will be damaged by registration of the mark of the specific application because the mark disparages his values, especially those relating to his family, in that opposer believes applicant's surname and nickname to have become synonymous with wife beater and murderer; that use of the marks to market the goods of the application, some of which are intended for children, is obscene and ridicules opposer's belief in the family ideal; that the mark is scandalous in that it is shocking to the sense of propriety and offensive to one's moral feelings; that registration will attempt to justify physical violence against women and use the imprimatur of the government to give the impression that criminal acts may be financially rewarding; that

---

[1] Section 2(e)(3), as cited in the notice of opposition, was redesignated as Section 2(e)(4) as part of the amendments made by Public Law 103-182. This law, which was signed by the President on December 8, 1993, implemented provisions of the North American Free Trade Agreement, which took effect on January 1, 1994. No substantive change was made to this particular statutory ground for refusal.

opposer, as a family man, is a member of the potentially damaged group; and that opposer has obtained petitions from people all over the United States who agree that the mark is scandalous and denigrates their values. Opposer also alleges that the marks fall within the scope of Section 2(e)(4) as being primarily merely a surname and that any distinctiveness which the marks may have acquired comes as a result of applicant's trial and not through use of the marks in commerce on the goods specified in the application.

Applicant, in lieu of an answer, has filed a motion under FRCP 12(b)(6) to dismiss the oppositions for lack of standing. Applicant argues that opposer has failed to demonstrate the possibility of damage to opposer personally and that opposer is a mere intermeddler attempting to prevent applicant from registering his name as a mark. Applicant maintains that opposer's moral objection does not provide standing to oppose registration since opposer's pleadings fail to indicate how registration, as opposed to use, will exacerbate the damage claimed by opposer. Applicant also raises the argument that his marks consist only of his name or nickname and cannot, as a matter of law, constitute scandalous matter.

Opposer, in response, argues that the criteria for standing to raise the grounds that a mark is scandalous or disparaging is simply a belief that the opposer will be damaged by registration of the mark and that there is no requirement for standing that opposer prove that he

3

personally will be damaged. Opposer maintains that, as a husband and father of two children, he has standing to oppose a mark that demeans family values, and that by his pleadings he has demonstrated an interest beyond that of the general public. Insofar as applicant's contentions with respect to the grounds asserted by opposer are concerned, opposer argues that applicant has failed to establish that applicant's name could not be held scandalous, as a matter of law, as required for dismissal under FRCP 12(b)(6).

In order to state a claim for which relief may be granted, an opposer must allege facts which, if proven, would establish that (1) opposer has standing to challenge applicant's right to register its mark and (2) opposer has set forth a statutory ground for denial of the registration sought. See Lipton Industries, Inc. v. Ralston Purina Co., 670 F.2d 1024. 213 USPQ 185 (CCPA 1982). Standing at the pleading stage is reviewed by determining whether the opposer has alleged a real interest in the proceeding, i.e.. whether opposer has pleaded facts sufficient, if proved, to establish that opposer is not a mere intermeddler, but rather has a personal interest in the proceeding beyond that of the general public. See Jewelers Vigilance Committee Inc. v. Ullenberg Corp., 823 F.2d 490, 2 USPQ2d 2021 (Fed. Cir. 1987). There is no requirement that actual damage be pleaded, only that adequate allegations be made to demonstrate a reasonable basis for a belief on the part of opposer that he will be damaged. See Lipton Industries,

Inc. v. Ralston Purina Co., supra; Bromberg v. Carmel Self Service, Inc., 198 USPQ 176 (TTAB 1978).

Our principal reviewing court has held that the question of whether a mark is scandalous under Section 2(a) must be determined from the standpoint of a substantial composite of the general public. See In re McGinley, 660 F.2d 481, 211 USPQ 668 (CCPA 1981). Looking to the notices of opposition in the present cases, we find no allegations of specific facts that, if proven, would establish that opposer has a sufficient interest in these proceedings to assert a claim that the involved marks, consisting of either the name or a nickname of applicant, as applied to the goods recited in the four applications, constitute scandalous matter to a substantial composite of the general public.

Putting the matter in other words, opposer's allegations are not sufficient to state a reasonable basis for a belief on his part that he personally will be damaged by the registration of these marks. Opposer has not pled that there is anything inherent in the name O. J. SIMPSON or the nicknames O. J. and THE JUICE that is immoral or scandalous. Cf. In re Wilcher Corp. ___USPQ2d___, S. N. 74/306,662 (TTAB Jun. 3, 1996) [Mark consisting of the name DICK HEADS (and a design) for restaurant services, found scandalous under § 2(a)]. The essence of opposer's pleading is, rather, that he and others believe that the man who seeks to register those marks has committed acts that they find offensive.

5

If we were to find that the present opposer has standing based on the allegations in his pleadings, we would be, in effect, finding that an opposer's pleading of feelings of moral outrage directed toward a person (either an individual or a corporate "person") is a sufficient pleading of standing to oppose, on Section 2(a) "scandalous" and "immoral" grounds, the registration of that person's name as a trademark or service mark. That would seem to open the way for any individual to challenge the registration of an individual's or corporation's trademark or service mark, where that individual opposer pleads, for example, that he or she is offended by the individual or corporate trademark applicant's products or its hiring policies, political affiliation, environmental record, advertising campaigns, etc. We do not believe that Section 13 of the Lanham Act (which section sets out who may file an opposition) was intended to have such a result.

Insofar as any allegation that the government, by the issuance of a registration, is giving its imprimatur to the marks is concerned, we pointed out the fallacy of such a contention in In re Old Glory Condom Corp., 26 USPQ2d 1216, 1220 (TTAB 1993). As noted therein, just as the issuance of a registration does not indicate any endorsement of the goods on which the mark is used, it also does not imply the government's pronouncement that the mark is a good one, from an aesthetic or any other viewpoint.

6

Accordingly, we find that opposer has failed to plead a real interest in the proceeding or a reasonable basis for his asserted belief that he will be damaged by the registration of the marks. In short, opposer is without standing to pursue his claim under Section 2(a).

While applicant has not specifically directed his motion to opposer's standing to bring the remaining claim (i.e., the "surname" claim) under Section 2(e)(4), that question must be raised and decided before the requested dismissal of the opposition as a whole can be contemplated. In order to state a real interest in an opposition proceeding based on Section 2(e)(4), the party challenging registration of the mark must allege a commercial interest in the same or a similar name; that is, the opposer must allege that it is at least in a position to use the alleged surname in its business activities. See Societe Civile Des Domaines Dourthe Freres v. S.A. Consortium Vinicole De Bordeaux Et De La Gironde, 6 USPQ2d 1205 (TTAB 1988). Opposer clearly has made no allegations of this nature, nor could he make any such allegations with respect to applicant's name or nicknames. Accordingly, opposer has failed to demonstrate standing to bring a claim under Section 2(e)(4).

In summary, applicant's motion to dismiss for lack of standing is granted.[2] The aforenamed oppositions are dismissed with prejudice.

J. D. Sams

J. E. Rice

T. J. Quinn
Administrative Trademark Judges,
Trademark Trial and Appeal Board

---

[2] We note that once an opposer has adequately pleaded its standing to raise one ground for opposition, it may raise any other ground which would negate applicant's right to registration. See Jewelers Vigilance Committee Inc. v. Ullenberg Corp., supra, and Lipton Industries, Inc. v. Ralston Purina Co., supra. Thus, if we had found that opposer had a legally sufficient pleading of standing to raise either of his asserted grounds, he would have been entitled to assert the other also.